**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X   Case No.

TATIANA MARIANO,

                            Plaintiff,   **COMPLAINT**

        -against-   **PLAINTIFF**
                                 **DEMANDS A**
61-63 BOND STREET F&B LLC d/b/a   **TRIAL BY JURY**
ACE HOTEL BROOKLYN,

                          Defendant.
--------------------------------------------------------------------X

      Plaintiff, Tatiana Mariano, by her attorney, The Law Office of Joshua P. Frank, PLLC, hereby complains of Defendant, 61-63 Bond Street F&B LLC d/b/a Ace Hotel Brooklyn, as follows:

### NATURE OF THE CASE

1.   Plaintiff Tatiana Mariano complains pursuant to the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-107, *et seq*. (hereinafter "NYCHRL"), and seeks damages to redress the injuries she has suffered for being subjected to discrimination by the Defendant because of her disability (Depression) and gender (sexual harassment) and, furthermore, for being terminated from her employment in retaliation for her protected complaint of gender discrimination (sexual harassment).

### JURISDICTION AND VENUE

2.   Jurisdiction of this Court is proper under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the discriminatory conduct alleged herein occurred within the Eastern District of New York.

## PARTIES

4.    Plaintiff Tatiana Mariano is a resident of the State of New York and Bronx County.

5.    Defendant 61-63 Bond Street F&B LLC is a foreign limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of Delaware.

6.    At all times relevant, Defendant 61-63 Bond Street F&B LLC (hereinafter "Ace Hotel Brooklyn") owned and/or operated a luxury hotel, named "Ace Hotel Brooklyn," located at 252 Schermerhorn Street, Brooklyn, New York 11217, wherein the discriminatory conduct at issue occurred.

## MATERIAL FACTS

7.    On April 11, 2022, Plaintiff Tatiana Mariano began her employment for Ace Hotel Brooklyn as a Minibar Attendant.

8.    At all times relevant, Ace Hotel Brooklyn's Housekeeping Director, Angelica Kashman, exercised supervisory authority over the Plaintiff.  Ms. Kashman possessed the authority to affect the terms and conditions of the Plaintiff's employment.

**Disability Discrimination**

9.    Ms. Kashman persistently harassed the Plaintiff upon learning of her disability (Depression), mocking and denigrating the Plaintiff on the basis of her disability.

10.    By way of example, Ms. Kashman referred to the Plaintiff as a "crazy bitch" to multiple co-workers, which came to the Plaintiff's attention and caused her to feel distressed and alienated at her place of work.

11.   By way of further example, on May 20, 2022, Ms. Kashman told Minibar Attendant Winfield Narcisso, "I want to terminate Tatiana." Mr. Narcisso questioned Ms. Kashman, to which she replied, "Because she's crazy and I do not like her. If I would've known she was mentally ill, I would not have hired her."

12.   When it was necessary for the Plaintiff to interact with Ms. Kashman, Ms. Kashman would often behave in a hostile and rude manner, such as rolling her eyes.

13.   Ms. Kashman also ignored the Plaintiff's requests for days off and/or summarily denied her requests.

14.   Additionally, Ms. Kashman often assigned the Plaintiff extra rooms to create a punitive workload.

15.   Furthermore, as corroborated by witness statements in the Plaintiff's possession, Ms. Kashman exerted considerable effort in attempting to get the Plaintiff's employment terminated by, *inter alia*, issuing her baseless write-ups, spreading false rumors about the Plaintiff abusing alcohol, and pressuring co-workers to make false reports about the Plaintiff and fabricate complaints to the Human Resources Department.

16.   Furthermore, as corroborated by a witness statement in the Plaintiff's possession, Ms. Kashman tampered with the Plaintiff's clock-in entries by changing the Plaintiff's clock-out time in order to cause a reduction in her wages.

17.   Moreover, as corroborated by a witness statement in the Plaintiff's possession, Ms. Kashman obstructed the Plaintiff from gaining a position for which she interviewed with Restaurant Manager, "Christine," in the Hotel's Food and Beverage Department. Ms. Kashman, motivated by discriminatory animus, told the restaurant managers not to hire the Plaintiff and, following the Plaintiff's interview, she was disingenuously told that there were

no positions available.

18.     Ms. Kashman displayed blatant disregard for the workplace rights of her subordinates by, for example, referring to certain Black employees as "monkey," "King Kong," and "Godzilla."

19.     Ace Hotel Brooklyn's management was well aware of Ms. Kashman's brazen discriminatory misconduct as the Plaintiff made numerous complaints to Rachel Abrams, Defendant's Human Resources Director, as well as complaints to the Hotel's General Manager, "Mark," on June 18, 2022, Assistant General Manager Li Tang on June 20, 2022, and Ms. Abrams and Ms. Tang on July 1, 2022.

20.     Egregiously, Ms. Tang defended Ms. Kashman's conduct and dismissively told the Plaintiff that her depression was "all in your mind."

21.     Furthermore, on June 20, 2022, the Plaintiff sent electronic text messages to Ms. Abrams, complaining that Ms. Kashman's mistreatment was causing her to feel suicidal.

22.     Nonetheless, Ace Hotel Brooklyn failed to take reasonable steps to address the Plaintiff's hostile work environment, enabling Ms. Kashman's discriminatory harassment to continue.

**Gender Discrimination and Retaliation**

23.     In August of 2022, Ace Hotel Brooklyn's Assistant General Manager Li Tang began behaving in a sexual manner towards the Plaintiff.

24.     At all times relevant, Ms. Tang exercised supervisory authority over the Plaintiff. Ms. Tang possessed the authority to affect the terms and conditions of the Plaintiff's employment.

25.     By way of example, on or about August 5, 2022, Ms. Tang closely approached the Plaintiff and began fixing the Plaintiff's collar.

26.     Furthermore, on or about August 11, 2022, the Plaintiff encountered Ms. Tang on the
third floor, and Ms. Tang rubbed the Plaintiff's shoulder while they were talking.

27.     Thereafter, on or about August 15, 2022, Ms. Tang touched the Plaintiff's hair.

28.     The Plaintiff felt uncomfortable with the intimate way that Ms. Tang was behaving, and
the Plaintiff reasonably concluded that Ms. Tang was romantically interested in her.

29.     Subsequently, on August 20, 2022, while the Plaintiff was standing in line for an
employee-appreciation breakfast, Ms. Lang walked over to the Plaintiff and greeted her
while placing her hand on the Plaintiff's waist and hip.  The Plaintiff recoiled, moving
away from Ms. Lang.

30.     At this point, the Plaintiff felt increasingly uncomfortable with Ms. Lang's physical,
sexualized intrusions and, therefore, complained to Ms. Abrams, Ace Hotel Brooklyn's
Human Resources Director, that same day.

31.     Later that day, the Plaintiff also prepared a written complaint regarding Ms. Tang's
sexual harassment, which she e-mailed to Ms. Abrams on August 22, 2022.

32.     Instead of conducting a thorough investigation, the very next day, Ace Hotel Brooklyn
retaliated against the Plaintiff by terminating her employment effective immediately.

33.     As a result of the foregoing, the Plaintiff has been unlawfully discriminated against,
degraded, humiliated, and victimized due to her disability and gender and, furthermore, has
been retaliated against for her opposition to gender discrimination (sexual harassment).

34.     As a result of the acts and conduct complained of herein, the Plaintiff has suffered, and
will continue to suffer, a substantial loss of income, the loss of a salary, bonuses,
retirement, health, and other benefits, and other compensation which stemmed from her
employment.

35.     Furthermore, the Plaintiff has also suffered future pecuniary losses, emotional distress, pain and suffering, reputational harm, and other non-pecuniary losses.

36.     The Defendant's unlawful conduct was willful, outrageous, and/or reckless and was undertaken with full knowledge of the law.  As such, the Plaintiff demands punitive damages from the Defendant.

## FIRST CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NYCHRL

37.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint and incorporates same herein.

38.     The NYCHRL, § 8-107(1), provides, in pertinent part that:

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or immigration or citizenship status of any person:
(1)  To represent that any employment or position is not available when in fact it is available;
(2)  To refuse to hire or employ or to bar or to discharge from employment such person; or
(3)  To discriminate against such person in compensation or in terms, conditions or privileges of employment.

39.     As alleged in the factual averments of this Complaint, the Defendant engaged in unlawful employment practices prohibited by the NYCHRL, § 8-107(1)(a)(1) and (3), by discriminating against the Plaintiff because of her disability and/or perceived disability by representing that a position was not available when in fact it was and, furthermore, by subjecting the Plaintiff to a hostile work environment because of her disability and/or perceived disability.

## SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NYCHRL

40.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint and incorporates same herein.

41.     The NYCHRL, § 8-107(1), provides, in pertinent part that:

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or
agent thereof, because of the actual or perceived age, race, creed, color, national origin,
gender, disability, marital status, partnership status, caregiver status, sexual and
reproductive health decisions, sexual orientation, uniformed service or immigration or
citizenship status of any person:

[. . . .]
(3)   To discriminate against such person in compensation or in terms, conditions or
privileges of employment.

42.     As alleged in the factual averments of this Complaint, the Defendant engaged in unlawful

employment practices prohibited by the NYCHRL, § 8-107(1)(a)(3) by discriminating

against the Plaintiff because of her gender by subjecting her to a hostile work environment

because of her gender (sexual harassment).

## THIRD CAUSE OF ACTION FOR RETALIATION
## UNDER THE NYCHRL

43.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint and incorporates same herein.

44.     The NYCHRL, § 8-107(7), provides, in pertinent part that:

It shall be an unlawful discriminatory practice for any person engaged in any activity to
which this chapter applies to retaliate or discriminate in any manner against any person
because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a
complaint, testified or assisted in any proceeding under this chapter. . . .

45.     As alleged in the factual averments of this Complaint, the Defendant engaged in unlawful

employment practices prohibited by the NYCHRL, § 8-107(7), by retaliating against the

Plaintiff because of her opposition to, and complaint about, gender discrimination (sexual harassment).

## FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYCHRL

46.    NYCHRL, § 8-107(13), "Employer liability for discriminatory conduct by employee, agent or independent contractor," provides, in pertinent part:

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    1. the employee or agent exercised managerial or supervisory responsibility; or
    2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
    3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

47.    As alleged in the factual allegations of this Complaint, the Defendant is liable pursuant to the NYCHRL, § 8-107(13)(b)(1), (2), and/or (3), as the employees at issue exercised managerial or supervisory responsibility, the Defendant knew of the discriminatory conduct and acquiesced in such conduct and/or failed to take immediate and appropriate corrective action, and/or the Defendant should have known of the discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

## JURY DEMAND

48.    Plaintiff Tatiana Mariano hereby requests a trial by jury.

**WHEREFORE**, Plaintiff Tatiana Mariano respectfully requests a judgment against the Defendant, as follows:

A.  Declaring that the Defendant engaged in unlawful employment practices prohibited by the NYCHRL in that the Defendant discriminated against the Plaintiff on the basis of her disability and/or perceived disability and gender by subjecting the Plaintiff to a hostile work environment due to her disability and/or perceived disability and gender (sexual harassment) and, furthermore, retaliated against the Plaintiff by terminating her employment due to her opposition to, and protected complaint of, gender discrimination (sexual harassment);

B.  Awarding damages to Plaintiff for all lost wages, income, interest, and benefits resulting from Defendant's unlawful conduct and to otherwise make the Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental anguish, emotional distress, pain and suffering, and injury to reputation;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of this action; and

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated:      Carle Place, New York
              November 28, 2022

**THE LAW OFFICE OF
JOSHUA P. FRANK, PLLC**

/s/ *Joshua P. Frank*

By: _____

**Joshua P. Frank, Esq.**
*Attorney for Plaintiff*
1 Old Country Road, Suite 385
Carle Place, New York 11514
(516) 416-4444
jfrank@jpfranklaw.com