UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TATIANA MARIANO,                                           :
                                                           :
                     Plaintiff,                           :
                                                           :
                -against-                               :    **MEMORANDUM AND ORDER**
                                                           :    **22-cv-7189(DLI)(RML)**
61-63 BOND STREET F&B d/b/a                                :
ACE HOTEL BROOKLYN,                                        :
                                                           :
                  Defendant.                           :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On November 28, 2022, Tatiana Mariano ("Plaintiff") invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) in filing this action against 61-63 Bond Street F&B LLC d/b/a Ace Hotel Brooklyn ("Defendant") alleging that it had engaged in unlawful discriminatory employment practices and retaliated against Plaintiff in violation of New York City Human Rights Law ("NYCHRL"). *See,* Complaint ("Compl."), Dkt. Entry No. 1, ¶¶ 37-47. The Complaint conclusorily alleges that the amount in controversy exceed $75,000 and that complete diversity exists because Plaintiff is a "resident" of the State of New York and Defendant is a Delaware limited liability company. *Id.* at ¶¶ 2, 4, 5.

On December 5, 2022, the Court issued an order to show cause ("OTSC") directing Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. *See,* OTSC, dated December 5, 2022. On December 15, 2022, Plaintiff responded to the OTSC stating that she was entitled to a "rebuttable presumption" that the damages alleged in the Complaint are a good faith representation of the amount in controversy and that NYCHRL claims generally merit awards ranging from $30,000.00 to $125,000.00 awards. *See,* Plaintiff's Response to OTSC ("OTSC Response"), Dkt. Entry No. 7. Plaintiff further stated that there was

no indication that any member of the Defendant, a limited liability company ("LLC"), was a "New York member" and Plaintiff's counsel had conferred with Defense Counsel, who was "unaware of any New York member." *Id.*

On December 20, 2022, Defense Counsel filed a letter stating that Defendant 61-63 Bond Street F&B LLC has one member, Ace Group International, LLC ("Ace") and that Ace has five members, two of whom are individuals who are citizens of the State of New York." *See*, Ltr. from Defendant ("Def. Ltr."), Dkt. Entry No. 8.  On December 22, 2022, Plaintiff filed a letter requesting that Defendant provide "specific information on the individual members purported to be citizens of New York"  adding that, if diversity jurisdiction did not exist, "the matter may be dismissed without prejudice pending re-filing of the Complaint once Plaintiff files a Charge in the E.E.O.C and receives a Notice of Right to Sue" or "stayed pending the foregoing." *See*, Plaintiff 12/22 Ltr. ("Pl. Ltr."), Dkt. Entry No. 9.

For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction and this matter is dismissed.

## **DISCUSSION**

As a threshold matter, federal courts have "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Pratt v. Kilo Int'l, LLC*, 2015 WL 1034406, at *3 (E.D.N.Y. Mar. 10, 2015) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *See, Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed.").

Where, as here, a plaintiff brings an action in federal court based on diversity jurisdiction,

the plaintiff bears the burden of establishing that the requirements of such jurisdiction have been met. *See, Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists.") (internal citations omitted). To establish diversity jurisdiction, the invoking party must show: (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of costs or interest; and (2) there is complete diversity of citizenship between the parties. *See*, 28 U.S.C. § 1332(a). Here, the Court finds that Plaintiff has not established either complete diversity of citizenship between the parties or the threshold jurisdictional amount in controversy.

I. **Diversity of Citizenship**

　　A.　　**Plaintiff's Citizenship**

"[A]n individual's citizenship for diversity purposes is determined by his or her domicile, not his or her residence." *Century Metal Recycling, Pvt. Ltd. V. Dacon Logistics, LLC*, 2013 WL 5929816, at *2 (D. Conn. Nov. 4, 2013) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). "Allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir.1997); *See also, Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) ("It is well established that [a] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens.") (internal quotations and citations omitted). Here, Plaintiff, an individual, alleges only that she "is a resident of the State of New York and Bronx County" and is silent as to her citizenship or domicile. Compl. ¶ 4. This allegation is insufficient to establish her citizenship for diversity jurisdiction purposes.

　　B.　　**Defendant's Citizenship**

Plaintiff also fails to allege properly the citizenship of Defendant, which is an LLC. "[A]

3

limited liability company or other unincorporated entity is not the same as a corporation for purposes of determining its citizenship." *Sixto v. Both Trucking, LLC*, 2022 WL 1124824, at *1 (E.D.N.Y. Apr. 14, 2022). An LLC "takes on the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Sixto*, 2022 WL 1124824, at *1. Therefore, to establish the citizenship of an LLC, a litigant "must allege the citizenship of natural persons who are members of [the] limited liability company . . . and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010). Additionally, "[i]f any of an LLC's members are themselves non-corporate entities, then a [litigant] must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC.'" *Sixto*, 2022 WL 1124824, at *1-2 (quoting *U.S. Liab. Ins. Co. v. M Remodeling Corp.,* 444 F. Supp.3d 408, 410 (E.D.N.Y. 2020)).

Here, though it is "a bedrock principle of federal practice" that the identities and citizenships of an LLC's members must be alleged to establish the citizenship of an LLC, the Complaint is devoid of any allegations as to the identity or citizenship of any of Defendant's members. *See, Sixto*, 2022 WL 1124824, at *1-2; *See also, Kenshoo, Inc. v. Aragon Advertising, LLC,* 586 F. Supp.3d 177, 180 (E.D.N.Y. 2022) (collecting cases). The Complaint alleges only that Defendant "is a foreign limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of Delaware." Compl. ¶ 5. This is insufficient to establish the citizenship of an LLC. *See, Century Metal*, 2013 WL 5929816, at *2-3 ("The Court need not look to the state in which [an LLC] is organized or has its principal place of business, but rather, each of the states in

4

which it has members," nor may a court "simply infer" citizenship from residence.) (internal quotations and citations omitted); *Lewis v. Allied Bronze LLC*, 2007 WL 1299251, at *1 (E.D.N.Y. May 2, 2007) ("[T]he citizenship of a limited liability company is not the state in which it is organized or has its principal place of business.").

In response to the OTSC, Plaintiff responded that, "upon pre-suit and post-suit investigation and review of attainable corporate records, there is no indication of any New York member" and that Defense Counsel is "unaware of any New York member." *See*, OTSC Response at 1. This insufficient response does not establish, or even identify, the citizenship of each member of the LLC. The parties' subsequent filings underscore Plaintiff's failure both to investigate and allege Defendant's citizenship adequately. *See*, Def. Ltr.; Pl. Ltr. Specifically, Defendant states that it is an LLC consisting of one member, an LLC that, in turn, has five members, two of whom are citizens of New York, which destroys diversity here, presuming that Plaintiff is a citizen of New York. *See*, Def. Ltr. Plaintiff's response all but concedes the lack of diversity, as it requests more information from Defendant concerning the members of the LLC who are citizens of New York and acknowledges that this matter may be dismissed if diversity jurisdiction does not exist. *See*, Pl. Ltr.

In sum, Plaintiff's Response to the OTSC and subsequent letter are too little, too late and cannot cure Plaintiff's deficient invocation of diversity jurisdiction. Indeed, "[i]t is not the province of this Court to hear an action over which it has no subject matter jurisdiction in the hope that if plaintiff's counsel does the work [it] should have done before commencing it, perhaps jurisdiction will be found." *Lewis,* 2007 WL 1299251, at *2. "A plaintiff's lawyer must do the research first and if she cannot find a definitive basis for alleging the citizenship of each defendant, then the case belongs in state court." *Kenshoo,* 586 F. Supp.3d at 181. Accordingly, Plaintiff has

5

failed to satisfy the diversity of citizenship requirement necessary to invoke this Court's jurisdiction and dismissal is warranted. *Id.* at 180-82 ("'[T]he averment of jurisdiction shall be positive – [and] the declaration shall state expressly the fact upon which jurisdiction depends'") (quoting *Brown v. Keene*, 33 U.S. 112 (1834) (Marshall, C.J.)); *Lewis,* 2007 WL 1299251, at *2 (dismissing action on subject matter jurisdiction grounds pursuant to consideration by Court *sua sponte* where plaintiff's counsel "continue[d] to misunderstand the rules governing" diversity jurisdiction in failing to allege properly the citizenship of defendant LLC).

Notably, Plaintiff is not without remedy as Plaintiff may file a complaint in state court or with the New York City Commission on Human Rights, as Plaintiff herself acknowledges. *See,* Pl. Ltr.; *See also, Kenshoo,* 586 F. Supp.3d at 182 ("There is no reason to stretch the requirements for subject matter jurisdiction when plaintiff can walk across the street (literally) and have the same law applied to its claims that would be applied here.").

## II.     Amount in Controversy Requirement

While the failure to establish diversity of citizenship alone is sufficient to warrant dismissal, the Court notes that Plaintiff also failed to satisfy the amount in controversy requirement. A party invoking a federal court's diversity jurisdiction has "the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal citations omitted). The "reasonable probability" burden is not onerous at the pleading stage because "a rebuttable presumption [exists] that the face of the complaint is a good faith representation of the actual amount in controversy." *Id*. at 397 (internal citations omitted).

However, "this face-of-the-complaint presumption is available only if the face of the complaint alleges facts plausibly suggesting the existence of claims aggregating over the

jurisdictional minimum amount in controversy." *Wood v. Maguire Auto. LLC*, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), *aff'd*, 508 F. App'x 65, 65-66 (2d Cir. 2013) (summary order) (affirming that bare and conclusory allegations as to amount in controversy are "not entitled to a presumption of truth."). As courts in this circuit have explained, "the court need not presume that [a] general allegation that the amount in controversy exceeds the jurisdictional minimum constitutes a good faith representation of the actual amount in controversy." *Id.*, at *2, *aff'd*, 508 F. App'x 65 (2d Cir. 2013); *Turban v. Bar Giacosa Corp.*, 2019 WL 3495947, at *2 (S.D.N.Y. Aug. 1, 2019) (same). Instead, to invoke diversity jurisdiction, a plaintiff must allege facts sufficient to "plausibly show an amount in controversy of more than $75,000." *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp.3d 153, 156 (D. Conn. 2016); *Turban*, 2019 WL 3495947, at *2 (declining to exercise jurisdiction over claims where "allegations [were] insufficiently detailed to render the jurisdictional amount plausible on its face").

Here, Plaintiff's bare and conclusory allegations are insufficient to establish plausibly that the amount in controversy requirement has been met. The only allegation as to the amount in controversy is the boilerplate assertion that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00." Compl. ¶ 2. Without more, Plaintiff's boilerplate assertion is "conclusory and not entitled to a presumption of truth." *See, Wood*, 508 F. App'x at 65.

Nor does the Complaint allege facts establishing the threshold jurisdictional amount in controversy. Plaintiff contends she has met this requirement satisfactorily because she alleged both economic and emotional damages as a result of losing her job and the hostile work environment. *See,* OTSC Response. Plaintiff cites to a single allegation concerning sending text

7

messages about feeling suicidal. Compl. ¶ 21. Further, Plaintiff argues that it is "well-settled" that prevailing plaintiffs in NYCHRL claims generally "merit $30,000.00 to $125,000.00 awards." OTSC Response (quoting *Velez v. Girraphic LLC*, 2021 WL 1873233, at *5 (S.D.N.Y. May 10, 2021) (citing *Lore v. City of Syracuse*, 670 F.3d 127, 177 (2d Cir. 2012)).

While the Complaint requests lost wages/income, interest, benefits, and compensatory damages, Plaintiff fails to specify the monetary sum sought or owed or any facts supporting these requests. Compl. ¶¶ B, C. Moreover, there are no allegations plausibly supporting that Plaintiff's emotional damages will exceed the lower end of the damages threshold that Plaintiff claims NYCHRL cases generally merit, to wit, $30,000, which is less than half of the threshold jurisdictional amount in controversy. *See*, *Munson v. Diamond*, 2017 WL 4863096, at *8 (S.D.N.Y. June 1, 2017) (explaining that courts have awarded emotional distress damages in the range of $15,000 based on testimony that a hostile work environment caused the plaintiff to experience stress, anger, sadness, and frustration and that the plaintiff suffered from depression, panic attacks, headaches, nausea, loss of appetite, hives, and severe insomnia even after her employment was terminated) (citing *Jowers v. DME Interactive Holdings, Inc.*, 2006 WL 1408671 (S.D.N.Y. May 22, 2006) (collecting cases)). Instead, Plaintiff expects the Court to engage in sheer speculation based solely on what other plaintiffs have recovered in similar cases.

Plaintiff further maintains that she seeks "emotional damages beyond the 'garden-variety' category," but does not allege any facts in support such as medical or mental health treatment, cost of medications, or significant, debilitating impact on Plaintiff's health and ability to work. OTSC Response (emphasis omitted); *See, Caravantes v. 53rd St. Partners*, LLC, 2012 WL 3631276, at *22 (S.D.N.Y. Aug. 23, 2012) (explaining the different types of emotional distress damages awards in the Second Circuit). *See also*, *Duarte v. St. Barnabas Hosp.*, 341 F. Supp.3d 306, 322 (S.D.N.Y. 2018) (concluding that a plaintiff's "vague and subjective complaints of insomnia, lower self-esteem,

8

depression, anxiety, and stomach aches and headaches – unsupported by medical corroboration – establish no more than 'garden variety' emotional distress."). Additionally, there are no allegations concerning the amount of purported lost wages for employment establishing the jurisdictional threshold amount in controversy. Thus, even construing the allegations as favorably to Plaintiff as possible, the Court finds that the Complaint on its face does not plausibly support damages arising from the claims in excess of $75,000.

The Court declines to consider Plaintiff's requests for punitive damages, declaratory relief, and attorney's fees in assessing the amount in controversy because the Complaint is devoid of any allegations that explain, justify, or attempt to value any of these other forms of relief sought. *See,* Compl. ¶¶ A, D, E; *Parker v. Riggio*, 2012 WL 3240837, at *6-8 (S.D.N.Y. Aug. 6, 2012) (declining to consider declaratory relief sought in assessing amount in controversy where plaintiff "d[id] not seek a specified amount of damages" and did not provide a basis for valuing the requested relief); *KT Export v. Wolf Canyon of Am., Inc., USA*, 2010 WL 5249231, at *1 (S.D.N.Y. Dec. 17, 2010) (finding "Plaintiffs' failure to explain or justify their claim for punitive damages defeat[ed] any attempt to include those damages in the calculation of the amount in controversy").

Attorney's fees typically are not considered in calculating the amount in controversy threshold unless "they are recoverable as a matter of right pursuant to statute or contract," which is not the case here as the award of attorney's fees is discretionary with the Court. *Cohen v. KIND L.L.C.*, 207 F. Supp.3d 269, 272 (S.D.N.Y. 2016) (quoting *Ryan v. Legends Hospitality, LLC*, 2012 WL 3834088, at *2 (S.D.N.Y. Aug. 1, 2012) (citing *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir.1972)). However, even where attorney's fees may be considered to satisfy the jurisdictional damages threshold, courts need not rely on them where, as here, the allegations do not support a finding that there is over $75,000 in controversy and it would require an unreasonable amount of attorney's fees to reach the jurisdictional threshold. *See, Bolanos v. Hooten*, 2021 WL

9

516580, at *1 (S.D.N.Y. Feb. 11, 2021) (declining to consider attorney's fees in determining amount in controversy where complaint "revealed minimal information to suggest [the] threshold is met").

Accordingly, as Plaintiff has failed to satisfy the amount in controversy requirement, this Court lacks subject matter jurisdiction over this action and dismissal is warranted

## **CONCLUSION**

For the reasons set forth above, this action is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: Brooklyn, New York
      March 2, 2023

/s/
DORA L. IRIZARRY
United States District Judge